U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 9 2006

ROBERT H. SHEMWELL, CLERK
BY _____
   DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD BARRETT | CIVIL ACTION NO. 06-0534 |
| VS. | SECTION P |
| VENETIA MICHAELS, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on March 28, 2006 by *pro se* petitioner Donald Barrett. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Forcht-Wade Corrections Center, Keithville, Louisiana where he is serving a five year sentence imposed following his April 2000 conviction for theft in Louisiana's Thirty-Fifth Judicial District, Grant Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED** because petitioner has failed to exhaust available state court remedies.

**STATEMENT OF THE CASE**

Petitioner was charged with felony grade theft. On April 3,

2000 he entered into a plea agreement and pled guilty. In accordance with the terms of the plea agreement he was sentenced to serve five years at hard labor. The sentence was suspended and petitioner was placed on probation. As conditions of probation, petitioner was ordered to pay restitution along with a fine, court costs, and a probation supervision fee. [doc. 4, p. 1, paragraph 3; pp. 5-6] Petitioner did not appeal his conviction. [doc. 4, paragraph 6(a), p. 3]

On some unspecified date petitioner's probation officer accused petitioner of violating the terms and conditions of probation. (Apparently petitioner provided a positive drug screen.) On May 24, 2000 petitioner's probation was revoked and he was ordered to serve the five year suspended sentence. [doc. 4, p. 14]

On some unspecified date petitioner filed an Application for Post-Conviction Relief in the Thirty-Fifth Judicial District Court. Petitioner argued that the trial court lacked jurisdiction over the theft charge since the offense occurred in Mississippi and not Louisiana. As of May 22, 2006, the post-conviction application was alleged to be pending in the Thirty-Fifth Judicial District Court. [doc. 4, paragraph 10, p. 11]

On March 28, 2006 petitioner filed an unsigned and undated petition for writ of *habeas corpus* in this court. He alleged a single claim for relief, "The State of Louisiana, Parish of Grant

lacked jurisdiction to convict the petitioner for the offense of theft." [doc. 1-1, p. 4] Petitioner was ordered to submit a signed petition and on May 22, 2006 he filed a signed petition alleging three claims for relief: (1) "The State of Louisiana lacked jurisdiction to convict the petitioner of theft." [doc. 4, p. 4] (2) "Counsel for the petitioner failed to file a motion to quash the indictment for jurisdictional matters." [*id.*, p. 5]and, (3) "Coerced into entering a guilty plea to an offense that the State of Louisiana had no jurisdiction over." [*id.*, p. 6]

In a letter appended to his second petition, petitioner alleged that he was denied his right to counsel at the May 24, 2000 probation revocation proceeding. [doc. 4, p. 14] However, he later alleged, "Charles Jones, Attorney at Law, represented me in the proceeding of the revocation ..." [doc. 4, p. 15]

## LAW AND ANALYSIS

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established both by statute (see 28 U.S.C. § 2254(b)(1)(A)[1]) and by the jurisprudence (see also, <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198, 71

---

[1] 28 U.S.C. §2254(b)(1) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983)).

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has fully exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity by providing state courts with the first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, a petitioner's *habeas corpus* claims must have been presented to the state's highest court, even when review by that court is discretionary. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998) citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33, 144 L.Ed.2d 1 (1999).

In Louisiana, the highest court is the Louisiana Supreme Court.

In this case, the record clearly reflects, and petitioner admits, that he has not exhausted available state court remedies by presenting his federal *habeas corpus* claims in a procedurally proper manner to the Louisiana Supreme Court.

Petitioner implies that he is exempt from the exhaustion requirement because his federal *habeas corpus* petition "... involves a jurisdiction issue between two states, the State of Louisiana and the State of Mississippi..." [doc. 4, paragraph 8, p. 10] However, he is mistaken. His federal *habeas corpus* claim cannot be considered until he has fully exhausted available Louisiana state court remedies.

Petitioner cannot maintain that there are no remedies available under Louisiana law. A jurisdictional flaw, such as is argued by petitioner, is not waived by the defendant's failure to urge the claim in a timely filed motion to quash. See La. C.Cr.P. art. 535(A)(5), which provides, "A motion to quash may be filed of right at any time before commencement of trial, when based on the ground that ... The court has no jurisdiction of the offense charged." This has been interpreted to mean that a "[l]ack of jurisdiction is a fundamental defect which can be raised at any stage in the proceedings. Jurisdictional error may be raised by motion in arrest of judgment. (La. C.Cr.P. art.

859(3)), or upon appeal for the first time (La. C.Cr.P. art. 920(2)), or by writ of *habeas corpus* (La. C.Cr.P. art. 362(1))." [See Louisiana Code of Criminal Procedure, <u>Official Revision Comments</u> following La. C.Cr.P. art. 535.] Further, it also appears that a jurisdictional flaw may be raised in an Application for Post-Conviction Relief (See La. C.Cr.P. art. 930.3(2)). In other words, it appears that there are available state court remedies.

Petitioner also implies that he is exempt from the limitations provisions of 28 U.S.C. §2244(d) because "this issue is a jurisdiction issue between two states..." [doc. 4, paragraph 4, p. 2] Petitioner is again incorrect. Petitioner is hereby advised that the statute in question imposes a one-year period of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in

Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Petitioner's filing in this court is clearly premature and for that reason subject to dismissal.

Accordingly,

**IT IS RECOMMENDED** that this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, at Alexandria, Louisiana on the 9th day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE